**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| KIMBERLY PROSSER, | ) |
| *Plaintiff*, | ) Case No.: 15-cv-04179 |
| vs. | ) |
| MAXION WHEELS, BERNIE POLZIN, and THERESA PATTON, | ) Removed from Pettis County Circuit Court, Case No.: 15PT – CC00176 |
| *Defendants*. | ) |

## PLAINTIFF'S REPLY SUGGESTIONS IN SUPPORT OF HER MOTION TO REMAND

### Introduction

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law *might* impose liability based on the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) *quoting Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) ("if any doubt remains, those doubts ***should be resolved in favor of remand***") (emphasis supplied). Moreover, "the Court should resolve all facts and ambiguities in [Prosser's] favor"; further ***"the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply remand the case and leave the question for the state courts to decide."*** *Filla*, 336 F.3d at 811 (emphasis supplied) *quoting Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cor. 1997); *see also*, *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1031-32 (E.D. Mo. 2004 (Limbaugh, J)).

It is ***undisputed*** that: (1) prior to any responsive pleading and per Missouri Rule, Prosser filed her first amended petition, adding Ms. Patton as a defendant; (2) Theresa Patton's name is contained in Prosser's charge of discrimination; (3) Prosser, in her charge of discrimination,

states that Patton serves in a human resources role; (4) Patton, in response to Prosser's reading of an inappropriate sexually suggestive email, responded with words to the effect of "well that's the manufacturing business"; (5) Patton was made of aware of legitimate complaints of sexual harassment, discrimination and/or retaliation by Prosser; and, (6) Patton, armed with Prosser's complaints of sexual harassment, did nothing but inform Prosser's supervisors.

Additionally, on September 23, 2015, Prosser filed her motion for leave to amend her complaint. [doc. 17]. Her amended complaint, among other things, adds a count of aiding and abetting against Ms. Patton, as her failure to investigate and take remedial action of Prosser's complaints constituted a violation of RSMo., §213.070, because to aid and abet in Prosser's retaliation and/or termination was a contributing factor therein. [doc. 17, Ex. 1, pp.7-8].

Based on the foregoing, Defendants cannot meet their burden of proving fraudulent joinder, as there is an arguably reasonable basis for predicting that the Missouri Human Rights Act (MHRA) *might* impose liability on Ms. Patton. *See*, *Duman v. Patel*, 317 F. Supp. 2d 1111, 11134 (W.D. Mo. 2004); *Junk*, 628 F.3d at 445; *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003); *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). Thus, Ms. Prosser asks that Court remand this matter back to the Pettis County Circuit Court.

**Statement of Facts**

1. On July 24, 2015, per Rule 55.33, and prior to any responsive pleading, Prosser filed her first amended petition, adding Ms. Patton as a defendant. *See*, Notice of Removal, Ex. 1 (Prosser's First Amended Petition) [doc.1].

2. Theresa Patton's name appears within Prosser's charge of discrimination. *See* Notice of Removal, Ex. 4 (Prosser's Charge of Discrimination) [doc.1].

3. In her Charge of Discrimination, Prosser states, among other things, that Patton: (1) serves in a human resources role; (2) in response to Prosser's reading of a an inappropriate sexually suggestive email, responded with words to the effect of "well that's the manufacturing business"; (3) was made of aware of legitimate complaints of sexual harassment, discrimination and/or retaliation by Prosser; and, (4) armed with Prosser's complaints of sexual harassment, informed Prosser's supervisors. *See* Notice of Removal, Ex. 1 (Prosser's First Amended Petition) and Ex. 4 (Prosser's Charge of Discrimination) [doc.1].

**Argument**

Plaintiff is the master of her Complaint, and can choose her approach for advancing the litigation. *Holmes Grp., Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826, 832, 122 S. Ct. 1889, 1894, 153 L. Ed. 2d 13 (2002); *see also McCleary v. DaimlerChrysler Corp.*, No. 01-0839-CV-W-3-ECF, 2001 WL 1339412, at *1 (W.D. Mo. Oct. 17, 2001).

Likewise, the MHRA's definition of employer includes, "***any person*** directly acting in the interest of any employer". RSMo. §213.010(7). In fact, the Missouri Supreme Court has ruled that an individual can be held ***personally liable*** if she is acting in directly in the interest of the employer while engaging in the discriminatory conduct. *Hill v. Ford Motor Company*, 277 S.W.3d 659, 669 (Mo. 2009).

Finally, the Missouri Supreme Court takes a liberal approach to the fulfillment of procedural requirements under the MHRA; noting the importance of complete redress for grievances, without the encumbrance of procedural requirements, having no relation to the purpose of the procedures in the first place. *Hill*, 277 S.W.3d at 669-70. Likewise, the administrative exhaustion requirement is not an obstacle where a substantial identity of interest exists between the parties sued and those charged. *Id*. Furthermore, strict compliance with the

technical requirements of the MHRA is not necessary to exhaust administrative remedies and not only should court view the MHRA's procedural requirements liberally, but that the scope of a civil lawsuit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow from the charge of discrimination. *Alhalabi v. Mo Dept. of Natural Resources*, 300 S.W.3d 518, 525 (Mo. App. 2009).

To summarize: (1) Ms. Prosser is the master of her complaint; (2) Ms. Patton can be held personally liable under the MHRA; and, (3) there is a substantial identity of interest between Prosser and Patton, such that the procedural requirement, having no relation to the purpose of the procedures in the first place, should be excused. Therefore, based on the facts here, it would be irrational for one to conclude that there is no "reasonable basis for predicting that state law ***might*** impose liability".

Accordingly, Prosser asks the Court to Order that this matter be remanded back to Pettis County Circuit Court.

Respectfully Submitted,
**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

_____
| Mark A. Jess | MO No. 37946 |
| Christie Jess | MO No. 44919 |
| John J. Ziegelmeyer III | MO No. 59042 |

Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph:  816.474.4600
Fx:  816.474.4601
mark.jess@employeerightslawfirm.com
christie.jess@employeerightslawfirm.com
john.z@employeerightslawfirm.com
www.employeerightslawfirm.com

*ATTORNEYS FOR THE PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on Friday, October 16, 2015 via the Court's CM/ECF system with notice of same being sent to:

J. Randall Coffey, Esq.
Melody L. Rayl, Esq.
FISHER & PHILLIPS
4900 Main Street
Suite 650
Kansas City, MO 64112
816.842.8770
816.842.8767 – fax
rcoffey@laborlawyers.com
mrayl@laborlawyers.com

_____
*ATTORNEYS FOR THE PLAINTIFF*