# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY PROSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-04179-MDH |
| ) | |
| MAXION WHEELS, BERNIE POLZIN, and ) | |
| THERESA PATTON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Patton's Motion to Dismiss (Doc. 8), Plaintiff's Motion to Remand (Doc. 13), and Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 17). The Court, after full and careful consideration, hereby **GRANTS** Plaintiff's motion to remand and **DENIES** all other pending motions as moot.

## BACKGROUND

Plaintiff Kimberly Prosser filed a petition in the Circuit Court of Pettis County, Missouri on July 14, 2015, alleging gender discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"). Plaintiff sued both Maxion Wheels and her supervisor at Maxion Wheels, Bernie Polzin. Ten days after filing suit, Plaintiff filed an amended petition that further added Theresa Patton, a "senior human resources professional" at Maxion Wheels, as a third defendant. Upon receiving service of process, Defendant Maxion Wheels removed the case to federal district court on the basis of diversity jurisdiction.[1] Plaintiff now moves to remand.

---

[1] Although Defendants Polzin and Patton had not yet been served, Defendant Maxion Wheels notified the Court that both Polzin and Patton "consent[] to the removal of the State Court Action to this Court." *See* Def.'s Notice Removal (Doc. 1), 4-5 at ¶ 12.

1

Defendant's notice of removal states that "[r]emoval is proper because the matter in controversy exceeds the sum of $75,000.00, because Plaintiff is diverse from Defendants Maxion and Polzin, and because Patton is fraudulently joined and there is no basis for her liability." *See* Def.'s Notice Removal, 5 at ¶ 13.  According to Defendant, Plaintiff is a citizen of Missouri, Defendant Maxion Wheels is a citizen of Delaware and Michigan, Defendant Polzin is a citizen of Kentucky, and Defendant Patton is a citizen of Missouri.  Defendant argues Patton was fraudulently joined, and therefore her citizenship should be disregarded for diversity purposes, because: (1) Patton was added as a defendant less than 48 hours after Plaintiff learned that Polzin, a former Missouri resident, no longer worked for Maxion and his whereabouts were unknown; (2) Plaintiff failed to exhaust administrative remedies as to Patton because Patton was not named as a respondent in Plaintiff's charge of discrimination filed with the Missouri Human Rights Commission ("MHCR"); and (3) no reasonable basis in law or fact exists to hold Patton liable under the MHRA because Plaintiff failed to sufficiently allege that Patton acted in a supervisory capacity or otherwise engaged in any discriminatory conduct against Plaintiff.[2]

Plaintiff argues in support of her motion to remand that Patton was not fraudulently joined.  Plaintiff argues that the failure to name an individual as a respondent in a charge of discrimination is not dispositive and can be excused under Missouri law.  Plaintiff notes that Patton was specifically identified in the "particulars" section of Plaintiff's charge of discrimination and that the Supreme Court of Missouri takes a liberal approach to the fulfillment of the procedural requirements under the MHRA.  As to potential liability, Plaintiff argues that an individual such as Patton can be considered an "employer" and held personally liable under the MHRA where the person acts directly in the interest of an employer while engaging in the

---

[2] Defendant Patton filed a motion to dismiss echoing the same arguments that Plaintiff failed to exhaust her administrative remedies as to Patton and that Plaintiff failed to plead an adequate factual basis to show Patton was an employer under the MHRA.  *See* Def.'s Mot. Dismiss Party (Doc. 8).

2

discriminatory conduct. Plaintiff argues the petition sufficiently shows Patton "was involved in, or had knowledge of, the sexual harassment, discriminatory acts[,] and retaliation alleged in [Plaintiff's] petition" and therefore Patton can be held liable as an employer.[3]

## STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

A defendant can remove a civil action from state court to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b). While such removal requires complete diversity, "a federal court will not allow removal to be defeated by the collusive or fraudulent joinder of a resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995). To establish fraudulent joinder, the defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). The plaintiff's motive is immaterial; rather, courts focus on whether the petition states a legal and factual basis to recover against the non-diverse defendant. *See Gillette v. Koss Const. Co.*, 149 F.Supp. 353,

---

[3] Plaintiff also filed a motion for leave to amend her complaint pending the Court's ruling on remand, which requests leave to add additional facts pertaining to Patton and to add a count for aiding and abetting pursuant to Mo. Rev. Stat. § 213.070. *See* Pl.'s Mot. for Leave (Doc. 17).

3

355 (W.D. Mo. 1957). Courts may pierce the pleadings in order to determine the issue of fraudulent joinder. *Parnas v. General Motors Corp.*, 879 F.Supp. 91, 93 (E.D. Mo. 1995).

Unlike the *Erie* analysis for most diversity cases, in a fraudulent joinder scenario, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. "If it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* at 810 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). Alternatively, "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* at 811. A removal based on fraudulent joinder grants the district court only temporary jurisdiction to determine whether the non-diverse defendant was fraudulently joined; the court's subject matter jurisdiction arises only after the non-diverse defendant is dismissed. *Wivell v. Wells Fargo Bank, N.A.*, 756 F.3d 609, 616 (8th Cir. 2014).

## DECISION

Defendant's fraudulent joinder argument relies on two contentions: (1) Plaintiff failed to exhaust her administrative remedies as to Patton, and (2) the petition fails to establish that Patton is liable as Plaintiff's employer under the MHRA. The Court finds the sufficiency of the petition against Patton is questionable and the Court will leave the issues of exhaustion of administrative remedies and "employer" status for the state court to decide.

4

### 1. Failure to Exhaust Administrative Remedies

As a general rule, a plaintiff cannot sue a defendant under the MHRA without first exhausting her administrative remedies by filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"). Mo. Rev. Stat. § 213.075(1). The charge must be filed within 180 days of the allegedly discriminatory act and must state "the name and address of the person alleged to have committed the unlawful discriminatory practice." *Id.* The "[f]ailure to name an individual in an administrative charge may preclude bringing a subsequent civil action against that person." *Carter v. GE Transp.*, No. 5:15-CV-06006-DGK, 2015 WL 4487961, at *3-5 (W.D. Mo. July 23, 2015) (citing *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669–70 (Mo. 2009)). However, "[t]he Missouri Supreme Court has indicated that it takes a liberal approach to the fulfillment of procedural requirements under the MHRA." *Alhalabi v. Mo. Dept. of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009).[4] Thus, Missouri courts consider four factors in deciding whether to allow a plaintiff to pursue a civil action against an individual despite the plaintiff's failure to name the individual in the charge of discrimination:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70.

---

[4] *See, e.g., Hill*, 277 S.W.3d at 670 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)) (noting "the importance of conciliation as a means of possibly resolving matters without resorting to an already overburdened federal court system" but stating "equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.").

District courts facing fraudulent joinder arguments based upon a plaintiff's failure to exhaust administrative remedies as to the diversity destroying defendant have disagreed about whether to apply the *Hill* factors or whether to remand the case to the state court to apply the *Hill* factors.  *Compare Carter v. GE Transp.*, No. 5:15-CV-06006-DGK, 2015 WL 4487961, at *3-5 (W.D. Mo. July 23, 2015) (J. Kays) ("although applying the *Hill* factors sometimes requires resolving disputed questions of fact, this does not compel remand. Federal courts may resolve disputed questions of fact to determine subject matter jurisdiction") *with Sinderson v. Bayer CropScience, LP*, No. 09-0693-CV-W-FJG, 2009 WL 4893201, at *2-3 (W.D. Mo. Dec. 10, 2009) (J. Gaitan) ("[T]he failure to name Barnes as a respondent in the Administrative Charge does not mean that plaintiff is precluded from suing Barnes in this action or that she was fraudulently joined. As discussed in *Hill*, there are circumstances under which the case can proceed even though Barnes was not named. Therefore, 'there is a reasonable basis for predicting that the state's law might impose liability against the defendant.' *Filla*, 336 F.3d at 810."). The majority of courts in this district find the appropriate course of action in handling such cases is to remand the case to state court under the "reasonable basis" standard cited in *Filla* rather than to apply the *Hill* factors.[5]

---

[5] *See, e.g., Gromling v. Midwest Div.-RMC, LLC*, No. 4:15-CV-00618-SRB, 2015 WL 6164040, at *4 (W.D. Mo. Oct. 20, 2015) (J. Bough) (slip op.) ("Accordingly, this Court will follow the lead of the majority of courts and apply the 'reasonable basis' standard rather than the *Hill* four-factor test at this stage."); *Zeno v. Johnson Controls, Inc.*, No. 15-CV-6007-SJ-FJG, 2015 WL 3717152, at *3-5 (W.D. Mo. June 15, 2015) (J. Gaitan) ("The Court finds that the majority of cases hold that a decision as to whether plaintiff can assert a claim against an individual defendant, not named in the Charge of Discrimination is better left to the state courts. Therefore, because plaintiff may have a cause of action against defendant Banks, the Court finds that defendant Banks was not fraudulently joined."); *Jones v. Valspar Corp.*, No. 4:11-CV-00379-NKL, 2011 WL 3358141, at *3-4 (W.D. Mo. Aug. 3, 2011) (J. Laughrey) ("Since the Missouri Supreme Court has described circumstances in which a trial court should allow a defendant to be sued even if the defendant was not named in the administrative complaint, the determination of whether the suit should be dismissed must be made by a Missouri court in connection with a summary judgment motion and a complete evidentiary record."); *Johnson v. Durham D&M, L.L.C.*, No. 09-CV-0502-W-HFS, 2009 WL 2581265, at *1 (W.D. Mo. Aug. 19, 2009) (J. Sachs) (concurring that "because there are several exceptions to the general rule that a defendant must first be named in the administrative charge . . . this question is better suited for review by a Missouri court in connection with a summary judgment motion and a complete evidentiary record").

In the present case, there is no dispute that Plaintiff failed to name Patton as a respondent in her charge of discrimination; the only question is whether Plaintiff's failure to specifically name Patton as a respondent bars Plaintiff's MHRA cause of action against Patton. The Court agrees with the majority approach that such a question is better left to the state court to decide based upon a more thorough record. The Court finds there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Other courts presented with similar factual scenarios, i.e. where the diversity destroying defendant was identified in the plaintiff's administrative charge but was not named as a respondent in the charge, have similarly found a reasonable basis for predicting state law might impose liability. *See, e.g., Gromling*, 2015 WL 6164040, at *2-3; *Bergsieker v. McDonald's Corp.*, No. 4:14-CV-1419 RLW, 2015 WL 1457067, at *4 (E.D. Mo. Mar. 30, 2015) (slip op.); *Sinderson*, 2009 WL 4893201, at *2-3. Accordingly, the failure to exhaust administrative remedies as to Patton is not a valid basis for fraudulent joinder. "Should defendants' arguments prevail before the state court judge, and pursuant to 28 U.S.C. § 1446(b) time permits, defendants may [again] seek removal of this case." *Johnson*, 2009 WL 2581265, at *1.

**2. Employer Status under MHRA**

The MHRA makes it an unlawful employment practice for an "employer" to discriminate against an individual on the basis of sex. *See* Mo. Rev. Stat. § 213.055.[6] The MHRA defines "employer" as "any person employing six or more persons within the state, *and any person directly acting in the interest of an employer*[.]" Mo. Rev. Stat. § 213.010(7) (emphasis added). The Supreme Court of Missouri noted the breadth of this definition and reiterated that "[t]he

---

[6] The statute makes it an "unlawful discriminatory practice," for example, to "aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so" and to "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter[.]" Mo. Rev. Stat. § 213.070.

7

statute is clear that the MHRA is intended to reach not just the corporate or public employer but any person acting directly in the interest of the employer." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009). An individual can be liable under the MHRA where the individual "directly oversaw or [was] actively involved in the discriminatory conduct." *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139-40 (Mo. Ct. App. 2012).

Here, Plaintiff's amended petition alleges that Patton was a senior human resources professional at Maxion; that Patton was directly involved in and was a decision-maker regarding the allegedly discriminatory acts/omissions described in the amended petition and that Patton was acting within the course and scope of her duties for Maxion; that Plaintiff informed Patton about a sexually inappropriate email that Plaintiff's husband received from a male production manager at Maxion and that Patton responded by looking concerned but stating "well that's the manufacturing business"; that Plaintiff reported sexually inappropriate behavior by another male employee, i.e. slapping and grabbing Plaintiff's posterior, to Patton and that Patton "did nothing in response"; that Patton shared Plaintiff's sexual harassment complaints with Crosier "and others"; and that Plaintiff asked Thomas Crosier, Maxion's Human Resources Manager and Patton's supervisor, why her complaints to Patton had not been investigated and Crosier responded that Patton had informed him of the complaints but he thought complaints were a joke. Plaintiff's proposed second amended petition further seeks to allege that when Plaintiff asked Crosier why there had been no investigation into Plaintiff's complaints, Crosier "admitted" that Patton had told him about the complaints but Patton thought they were a joke and did nothing further; and that "upon information and belief [Patton] was involved and provided input into the termination of [Plaintiff]."

The Court finds, based on the facts alleged and resolving all factual inferences in favor of Plaintiff, that there is arguably a reasonable basis for predicting state law *might* impose liability on Patton as an employer under the MHRA.  Plaintiff alleges that Patton was an employer and "senior human resources professional" acting within the course and scope of her duties for Maxion when she had direct involvement in the allegedly discriminatory conduct against Plaintiff – i.e. creating/maintaining a sexually hostile work environment and discharging Plaintiff in retaliation for reporting sexual harassment.  Plaintiff alleges that she reported sexual harassment to Patton and that Patton essentially made excuses, did nothing, considered and/or conveyed Plaintiff's complaints to be a joke, and "upon information and belief" was "involved and provided input" into Plaintiff's termination.  The Court finds these allegations are generally sufficient to find that state law *might* impose liability.  *See generally Tate v. Family Dollar Stores of Missouri, Inc.*, No. 4:14CV1534 RLW, 2014 WL 7345156, at *3-4 (E.D. Mo. Dec. 23, 2014) (finding liability was arguably questionable against individual where plaintiff complained to the individual about racially discriminatory treatment and plaintiff was terminated shortly after that discussion at a meeting that the individual attended); *Sinclair v. Charter Commc'ns, Inc.*, No. 4:13CV1146 CDP, 2013 WL 5707872, at *5-6 (E.D. Mo. Oct. 21, 2013) ("Although the *Keeney* court noted that it did not need to 'explore the outer boundaries of section 213.070,' there is nothing in the *Keeney* opinion that makes me believe section 213.070 applies only to supervisors. Indeed, the court wrote: Section 213.070 prohibits retaliation 'in any manner.'"); *Leeper v. Scorpio Supply IV, LLC*, 351 S.W.3d 784, 795 (Mo. Ct. App. 2011) (holding an employer does have some duty under the MHRA to prevent or attempt to remedy sexual harassment); *Hayes v. Travelers Indem. Co.*, No. 4:12-CV-1233 CAS, 2012 WL 5285775, at *3-

4 (E.D. Mo. Oct. 25, 2012) (granting remand and finding HR manager, who was not plaintiff's supervisor or the alleged harasser, could be considered an employer under the MHRA).

Here, the parties cite no state court decision addressing whether a human resources manager or other human resources personnel can be held liable as an employer under the MHRA. The parties also cite no state court case that discusses whether a claim factually similar to the one presented here would be subject to dismissal for failure to state a claim and, even if it were, whether a finding of fraudulent joinder would therefore be appropriate. Accordingly, there are questions of state law in this case that appear to be unsettled and the Court cannot say it is *clear* under governing state law that the complaint does not state a cause of action against Patton, the non-diverse defendant. Therefore, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply remand the case and leave the question for the state courts to decide."

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion to Remand (Doc. 13) and the case is hereby **REMANDED** to the Circuit Court of Pettis County, Missouri. Because the Court is without subject matter jurisdiction, all other pending motions (Docs. 8, 17) are **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

Dated: December 21, 2015

             */s/ Douglas Harpool*
             **DOUGLAS HARPOOL**
             **UNITED STATES DISTRICT JUDGE**